UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUCILE ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05-CV-2260 CEJ |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiff's unexhausted claims. Plaintiff has objected to the defendant's motion.

Plaintiff, acting *pro se*, filed suit in this Court alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. In her form complaint, plaintiff claims that she was denied a transfer to another department and was terminated by the defendant because of her race, religion and age. In the portion of the form complaint which asked her to describe the circumstances under which she was discriminated against, plaintiff states that her "white probationary counterparts" were reassigned to other departments, and that "[p]laintiff deserves same equal justice as white counterparts."

Along with the form complaint, plaintiff filed a copy of the right to sue letter she received from the Equal Employment Opportunity Commission and a copy of the "Complaint of Employment Discrimination" that she filed with the United States Department of

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Agriculture to initiate the administrative proceedings. In the administrative complaint, plaintiff alleges disparate treatment of black and white probationary employees. The administrative complaint contains no mention of discrimination on any basis other than race.

A plaintiff must exhaust his or her administrative remedies before a court may exercise jurisdiction over the plaintiff's Title VII or Age Discrimination in Employment Act (ADEA) claims. "In general, '[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996), quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994). "An employee cannot bring a discrimination claim without first exhausting his or her administrative remedies." Briley v. Carlin, 172 F.3d 567, 571 (8th Cir. 1999).

By failing to include claims of age and religious discrimination in her administrative complaint, the plaintiff precluded the EEOC from investigating and conciliating those claims. It is evident from the statements plaintiff made in the administrative complaint and the allegations she makes here that her claim concerned the allegedly discriminatory treatment accorded to black and white probationary employees. In her response to the defendant's motion to dismiss, plaintiff describes two incidents

that she contends support her claims of age and religious discrimination. These allegations, however, are neither like nor reasonably related to the allegations supporting plaintiff's race discrimination claim, and there is no basis for concluding that the unexhausted claims would have been within the scope of the EEOC's investigation. See Shannon v. Ford Motor Co., 72 F.3d 678, 684-85 (8th Cir. 1996).

Plaintiff clearly has not satisfied the exhaustion requirement with respect to her claims of religious and age discrimination. Therefore, these claims must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion [#19] to dismiss plaintiff's claims of discrimination based on age and religion is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com