UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LUCILE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MIKE JOHANNS, Secretary of the United States Department of Agriculture, | ) ) ) | No. 4:05-CV-2260 CEJ |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for summary judgment. Fed. R. Civ. P. 56. Plaintiff, acting *pro se*, opposes the motion, and the issues are fully briefed.

I. **Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to

judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

**II. Background**

On September 9, 2001, plaintiff, an African-American woman, was hired as a probationary employee in the Customer Service Branch, Telephone Services Center of the United States Department of Agriculture (USDA).[1] Pursuant to USDA regulations, plaintiff was required to serve a one-year probationary period, the purpose of which was to allow the agency to determine her fitness for the job. 5 C.F.R., Chap. 1, Subpart H, § 315.801. The regulations require the USDA to terminate an employee who "fails to demonstrate

---

[1] Immediately prior to this date, plaintiff was employed by a temporary services agency. For some period of time, plaintiff performed work for the USDA. However, she was not then an employee of the agency.

fully his qualifications for continued employment." Id. at § 315.803.

The plaintiff attended a three-week training program for new employees in September 2001. Because her supervisor felt that plaintiff was not yet able to do the work, she had plaintiff repeat the program in October 2001. Plaintiff attended a two-day refresher course in June 2002. Throughout her tenure, plaintiff received "continuous side-by-side" training and counseling as to how she could improve her performance. In a semi-annual review dated June 3, 2002, one of plaintiff's supervisors, Eva Lambert, wrote that plaintiff was not performing at the required level, despite having gone through the new hire training program twice and despite the additional support she had been given. In the evaluation, Ms. Lambert noted in detail plaintiff's deficiencies during the preceding six-month period. The evaluation also contained reports indicating that plaintiff had difficulty staying awake during the training sessions, and that she had difficulty retaining the information she was learning.

Plaintiff was informed of her deficiencies and was advised on how to correct them. Nevertheless, her poor performance continued through July 2002. By letter dated August 30, 2002, the defendant notified plaintiff of its decision to terminate her employment based on her inability to meet the performance standards of her job.

Plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission after her termination.[2] In the instant complaint plaintiff alleges that she was not informed of opportunities to transfer to other departments, but that white probationary employees were so informed. She asserts that if she had been told about transfer opportunities, she would have transferred to a different department and would have likely avoided termination. In her response to defendant's motion, plaintiff asserts that black probationary employees were terminated for a variety of reasons, while white probationary employees were transferred to other departments. The defendant argues that plaintiff was discharged solely because she was unable to meet the performance standards of her job.

III. **Discussion**

A plaintiff asserting a claim of employment discrimination must present direct evidence of discrimination or create an inference of unlawful discrimination under the familiar McDonnell Douglas burden-shifting formula. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Plaintiff must establish a *prima facie* case of race discrimination by showing 1) that she is a member of the protected group, 2) that she was qualified for the job, 3) that she was discharged, and 4) that the discharge occurred under circumstances giving rise to an inference of discrimination.

---

[2] Plaintiff's complaint also contained claims of discrimination based on religion and age. These claims were dismissed because plaintiff failed to present them in the administrative proceedings before the EEOC.

Rogers v. U.S. Bank, N.A., 417 F.3d 845, 850 (8th Cir. 2005); Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940 (8th Cir. 1994). If plaintiff makes such a showing, the employer must then produce evidence of a legitimate, non-discriminatory reason for the adverse employment action. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133 (2000). If the employer satisfies its burden of production, the plaintiff must then "'prove by a preponderance of evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'" Id. at 143, quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Based on the uncontroverted evidence submitted by the defendant, the Court concludes that the defendant is entitled to judgment as a matter of law. The evidence establishes that plaintiff's performance never met the standard for her position. Plaintiff underwent new employee training twice, received individual training and support from her supervisor, and attended a refresher training course. Despite all of this, she was unable to overcome her deficiencies. Plaintiff has presented no evidence that would create a genuine issue of material fact with regard to quality of her work or the accuracy of her supervisors' evaluations. Although plaintiff has submitted letters and certificates of appreciation, from customers and other agency departments she worked with, these documents do not relate to the period during which she was an employee of the USDA. Additionally, the positive feedback plaintiff received from customers does not

contradict the evaluations of her supervisors. The undisputed evidence is that plaintiff was not meeting the performance requirements of her customer service position at the time she was terminated. As a result, plaintiff not shown that she was qualified for the position and, hence, she cannot establish a *prima facie* case of discrimination.

Plaintiff has also failed to show that similarly situated employees outside of her protected class were treated differently. She alleges that her "white probationary counterparts were reassigned to other departments." Evidence submitted by the defendant shows that only one employee in the plaintiff's unit, a black male who was hired under a disability appointment, was transferred to the mail room. Plaintiff identified two white probationary employees who transferred to other departments. However, plaintiff admits that these employees worked for different supervisors, and thus were not similarly situated to her. See EEOC v. Kohler Co., 535 F.3d 766 (8th Cir. 2003)("Specifically, the individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances."). Significantly, plaintiff has not identified a single white probationary employee who did not meet the defendant's performance standards and was not terminated.

Even if plaintiff had established a *prima facie* case, the defendant has presented a legitimate, non-discriminatory reason for the employment action it took. As noted above, plaintiff's

unsupported contention that she was a "knowledgeable" employee is insufficient to rebut the defendant's evidence of her work performance.  Plaintiff has submitted no evidence that the defendant's reason for discharging her was a pretext for racial discrimination.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion for summary judgment [#25] is **granted**.  A separate judgment in accordance with this memorandum and order is entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2006.